IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG LAURENCE CONKLIN,<br><br>Plaintiff,<br><br>v.<br><br>NOLAN ESPINDA, ET AL.,<br><br>Defendants. | CIV. NO. 25-00004 JMS-RT<br><br>ORDER (1) GRANTING IFP APPLICATION, ECF NO. 4; (2) STRIKING PART OF THE COMPLAINT, ECF NO. 1; (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL, ECF NO. 3; AND (4) TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS |

**ORDER (1) GRANTING IFP APPLICATION, ECF NO. 4; (2) STRIKING PART OF THE COMPLAINT, ECF NO. 1; (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL, ECF NO. 3; AND (4) TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS**

**I. INTRODUCTION**

On December 31, 2024, the court received pro se Plaintiff Craig Laurence Conklin's ("Plaintiff" or "Conklin") Complaint against numerous defendants alleging violations under 42 U.S.C. § 1983. *See* ECF No. 1. Also on that date, the court received Plaintiff's request for appointment of counsel, ECF No. 3, and on January 3, 2025, an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 4. Based on the Complaint,

Plaintiff appears to attempt to proceed with a matter he commenced in 2019—and which the court dismissed without prejudice—against identical defendants for the same incidents in *Conklin v. Espinda, et al.*, Civ. No. 19-00087 JMS-RT ("*Conklin I*").

For the reasons stated below, the court GRANTS the IFP Application, but STRIKES the Complaint in part; DENIES the request for counsel; and ORDERS Plaintiff to SHOW CAUSE in writing why this matter should not be dismissed as barred by the applicable statute of limitations.

## II. IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether the plaintiff has alleged poverty "with some particularity, definiteness and certainty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981)).  Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP application and determines that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees).  The court, thus, GRANTS Plaintiff's IFP application.

### III.  BACKGROUND

A.  **Underlying Matter ("*Conklin I*")**

In February 2019, while Plaintiff was imprisoned at the Halawa Correctional Facility ("HCF"), he filed *Conklin I* alleging violations of 42 U.S.C. § 1983 primarily against the State of Hawaii Department of Public Safety ("DPS") and numerous DPS employees for the time periods Plaintiff was incarcerated at the Hawaii Community Correctional Center ("HCCC"), and then at HCF.[1]  *See Conklin I*, ECF No. 1.  After an initial 28 U.S.C. § 1915 screening, *see id.*, ECF

---

[1] The named Defendants included: State of Hawaii DPS; DPS Director Nolan Espinda; DPS Health Director John/Jane Doe 1; Institutions Director John/Jane Doe 2; HCCC physician Dr. Gary Saldona; nurse Norma Nishimoto; HCF physicians Dr. Toyama, Dr. Yoo, and Dr. Frauens; Administrator Dovie Borgess; ADA Representative Mahina Assily; Captain Snook; Chief of Security Lyle Antonio; Case Manager Francis Mufao; and John/Jane Does 3–38. Inmate Tupuelo was named in his individual capacity only.  *See Conklin I*, ECF No. 1 at PageID.1–5.

3

No. 8, Conklin filed a first amended complaint against the DPS and various DPS employees, *id.*, ECF No. 11 ("*Conklin I* FAC").[2]  After a second screening, on December 23, 2019, the court dismissed the *Conklin I* FAC in part and granted Plaintiff leave to either file an amended complaint or notify the court that he would proceed on a sole surviving claim for retaliation against HCF Case Manager, Francis Mufao.  *See id.*, ECF No. 12 at PageID.153–154.

        The court extended time for Conklin to comply with its December 23, 2019 Order, but when he requested a second extension of three months, the court found that "an additional 3-month extension of time for Plaintiff" to make such a determination was "not warranted" and instead "the court [found] it appropriate to direct service of the [*Conklin I*] FAC on Defendant Mufao."  *Id.*, ECF No. 16 at PageID.172.  After service, Conklin could then amend, or seek leave to amend, that FAC in accordance with Federal Rule of Civil Procedure 15.  *See id*.  Conklin, however, failed to serve the *Conklin I* FAC and on August 6, 2020, the court dismissed the matter without prejudice due to his failure to prosecute.  *Id*., ECF No. 21.

---

[2]  The named Defendants in the *Conklin I* FAC included:  DPS Director Espinda; Health Director John/Jane Doe 1; Institutions Director John/Jane Doe 2; HCF physicians Dr. Toyama, Dr. Yoo, and Dr. Frauens; Administrator Borgess; ADA Representative Assily; Captain Snook; Chief of Security Antonio; and Case Manager Mufao.  It asserted:  Inadequate Medical Care (Counts I–IV, VI–IX, XI); Denial of Transfer and Grievance, Failure to Protect (Counts V & XV); Restricted Phone Calls (Count XII); Destruction of Video Evidence (Count XIII); Retaliation (Count XIV); and ADA Claims (Counts VIII, IX, X).  *See generally Conklin I*, ECF No. 11.

B.     **Present Matter ("*Conklin II*")**

As stated, on December 31, 2024, the court received the Complaint in the present matter, *Conklin II*. It names the same eleven *Conklin I* FAC Defendants and alleges the same 15 claims, modified in part to indicate that the alleged violations of Plaintiff's civil rights under § 1983 occurred while he was incarcerated. *See, e.g.*, ECF No. 1 at PageID.7 (adding "up to my release from prison"), PageID.15 (adding "while incarcerated"), PageID.17 (same). Although *Conklin I* was dismissed "without prejudice," the present Complaint is improper due to the procedural posture of *Conklin I* prior to its dismissal. By order dated February 21, 2020, the court instructed Plaintiff to serve Defendant Mufao based on a single remaining claim. *Conklin I*, ECF No. 16 (Order directing service). The present Complaint improperly attempts to reprise *all* of Plaintiff's former claims (contained in the *Conklin I* FAC) in violation of the Order directing service. Thus, the court strikes all claims in *Conklin II* other than the single claim permitted to proceed in the court's Order directing service—a retaliation claim in Count XIV against Defendant Francis Mufao.[3]

---

[3] Francis Mufao, a DPS case manager, allegedly retaliated against Plaintiff in violation of the First Amendment based on Plaintiff filing grievances. *See Conklin I*, ECF No. 11 at PageID.107–108; *Conklin II*, ECF No. 1 at PageID.20–21.

5

## IV. **STATUTORY SCREENING**

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim).

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a court may dismiss a claim as frivolous based on the statute of limitations where it is obvious from the face of the complaint that the claim is time-barred. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984) (stating that an action may be dismissed at screening "where the defense is complete and obvious from the face of the pleadings or the court's own records"); *Belanus v. Clark*, 796 F.3d 1021, 1025–27 (9th Cir. 2015) (affirming dismissal of prisoner case at screening stage based on statute of limitations); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (determining that a complaint that appears to have expired under the applicable

statute of limitations may be dismissed as frivolous under the screening provision of § 1915); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (dismissing prisoner's complaint as time-barred under § 1915(e)(2)(B)(i)); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (same); *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *Johnson v. Rodriguez*, 943 F.2d 104, 107–08 (1st Cir. 1991) (same).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

## V. **DISCUSSION**

Based on the face of the Complaint and taking judicial notice of *Conklin I*, it appears that Plaintiff's remaining claim is barred by the applicable two-year statute of limitations. As set forth below, the court thus orders Plaintiff to show cause why the Complaint should not be dismissed.

Federal courts apply the forum state's statute of limitations and its

tolling provisions for personal injury tort actions to claims under § 1983. *See, e.g.*, *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Hawaii's two-year personal injury statute of limitations, Hawaii Revised Statutes ("HRS") § 657-7, applies to § 1983 claims. *See, e.g.*, *Bird. v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).

Here, any retaliation against Plaintiff by Mufao would have occurred in September or October of 2018. *See Conklin I*, ECF No. 11 at PageID.107–108 and *Conklin II*, ECF No. 1 at PageID.20–21. And *Conklin I* was dismissed without prejudice on August 6, 2020. *See Conklin I*, ECF No. 21. Under either of those dates as the accrual time, Plaintiff's present claim against Mufao was filed well past the two-year limitations period.

Plaintiff appears to argue that the statute of limitations should be tolled for the time that he was in custody and while on parole. In his request for appointment of counsel titled "opening comments for claim," Plaintiff states that when he filed *Conklin I*, he was "incarcerated just prior to parole," and he now seeks to "exercis[e] the right to begin statute of limitations to commence 2yr period on 1/6/23. That is the day of release from [DPS] Parole." ECF No. 3 at PageID.31–32.

Contrary to Plaintiff's argument, the time he spent incarcerated and while on parole does not toll the statute of limitations. Although HRS § 657-13(3)

generally tolls § 657-7 during periods of imprisonment and/or parole,[4] it does not apply where an action is brought against "the sheriff, chief of police, or other officers." The DPS and its officers—to include Defendant Francis Mufao—fall within this exclusion. The statute that created the DPS, HRS § 26-14.6(f), states that "the functions, authority, and obligations, together with the limitations imposed thereon and the privileges and immunities conferred thereby, exercised by a 'sheriff'" under HRS § 657-13 "shall be exercised to the same extent by the department of public safety." In other words, the language in HRS § 657-13 excepting from its tolling provisions "actions against the sheriff," applies with equal force to the DPS and its employees. Plaintiff's § 1983 claim against Mufao is not tolled by HRS § 657-13. *See Namauu v. Dep't of Pub. Safety Haw.*, 2018 WL 1733978, at *3 (D. Haw. Apr. 10, 2018); *Coles v. Eagle*, 2014 WL 2214046, at *4 (D. Haw. May 27, 2014) ("This district court has ruled that, pursuant to the 'sheriff' exception, § 657-13 tolling does not apply to the State of Hawaiʻi Department of Public Safety or its employees.") (citations omitted); *see also*

---

[4] HRS § 657-13 states:

> If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, . . . (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life . . . such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or any time while the disability exists.

*Rodenhurst v. Hawaii*, 2010 WL 1783568, at *3 (D. Haw. Apr. 29, 2010) (determining that tolling under § 657-13 does not apply to the DPS) (citing *Samonte v. Sandin*, 2007 WL 461311, at *4 (D. Haw. Feb. 7, 2007)).

Because the Complaint does not appear timely on its face, the court orders Plaintiff to SHOW CAUSE, by February 21, 2025, why his Complaint should not be dismissed as barred by HRS § 657-7's two-year statute of limitations. If Plaintiff fails to respond to this Order to Show Cause, the court will dismiss the Complaint as untimely based on the analysis above.

## VI. CONCLUSION

For the reasons stated:

(1) The IFP Application, ECF No. 4, is GRANTED;[5]

(2) The Complaint, ECF No. 1, is STRICKEN in part, with the sole remaining claim being Count XIV against Francis Mufao;

(3) The Clerk shall provide to Plaintiff copies of the following from *Conklin I*, Civ. No. 19-00087 JMS-RT—

  (a) the case docket;

---

[5] To the extent Plaintiff seeks the court's assistance in obtaining counsel—*see generally* ECF No. 3 at PageID.31 (stating that he "absolutely can not[sic] represent [himself] pro se past this announcement of claim to the court")—that request is DENIED without prejudice. There is no constitutional right to counsel in a civil case. *See Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). And, given that the action clearly appears to be time-barred, the court finds no reason to appoint counsel.

  (b) First Amended Complaint, ECF No. 11;

  (c) Order Dismissing First Amended Complaint in Part, ECF No. 12;

  (d) Order Directing Service, ECF No. 16; and

  (e) Order Dismissing Without Prejudice Action for Failure to Prosecute, ECF No. 21; and

(4) By February 21, 2025, Plaintiff must SHOW CAUSE in writing why this matter should not be dismissed as barred by HRS § 657-7's two-year statute of limitations.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, January 24, 2025.



         /s/ J. Michael Seabright
         J. Michael Seabright
         United States District Judge